# STRAFFORD,

## JULY TERM, A. D. 1857.

---

## WEED *v.* BARKER.

If the parties to a mortgage reside out of the county where the land lies, and after they have agreed on the loan and mortgage, being in that county, they, for convenience, have the mortgage executed, delivered, and recorded, and within a short and reasonable time afterwards the loan and note are made at the place where they reside, pursuant to the agreement, in the absence of fraud the mortgage is valid against a subsequent mortgagee, and is not within the statute which prohibits mortgages to secure future advances.

In such case the mortgage and loan are to be regarded as parts of the same transaction, and the mortgage does not take effect as a security till the loan is made pursuant to the agreement.

WRIT OF ENTRY, counting on a seizin in fee and in mortgage of land in Rochester.

The demandant produced in evidence a mortgage of the demanded premises, from Jacob McDuffie and wife to the demandant, dated October 10, 1850, and recorded October 11, 1850, conditioned for the payment of a promissory note of the same date for $600, payable to the plaintiff in six months from date; and a note, corresponding to that described in the mortgage. He also proved that McDuffie was in possession of the land when the mortgage was given.

On the note were three indorsements in the years 1852 and 1853, amounting to $155.

The tenant proved that McDuffie gave a mortgage of the

same premises to Enoch Whitehouse, on the 29th of November, 1851, to secure payment of a promissory note of that date for $137, and that Whitehouse, before the commencement of this suit, sold and delivered the note and mortgage to the defendant.

The tenant then proved, subject to the exception of the demandant, that at the time the mortgage was given to the demandant, McDuffie and the demandant resided in Lawrence, Mass.; that they were at Rochester on that day; that the note described in the condition of the mortgage was not then given, but that the demandant was coming to Lawrence in a few days, and was then going to let McDuffie have the money and take the note; that the mortgage was said to have been made on that day for the convenience of having it put on record at Dover, before going to Lawrence.

A verdict was taken, by consent, for the demandant, on which judgment is to be entered, or the verdict set aside and a new trial granted, according as the opinion of the court shall be on the foregoing case.

*Christie & Kingman*, for the plaintiff.

*Wells & Eastman*, for the defendant.

PERLEY, C. J. It appears from the case that the parties to the mortgage under which the demandant claims, resided at Lawrence, in Massachusetts, and the land is at Rochester, in this State. The evidence introduced by the defendant went to show that the bargain for the loan, and for the mortgage to secure it, was made at Rochester, and that for convenience the mortgage was made and recorded while the parties were in the county where the land lies, and the loan and note made pursuant to the bargain, at Lawrence, a few days afterwards. A verdict was taken, by consent, for the demandant, and it is not objected that the mortgage was fraudulent. The objection is, that the debt was contracted after the mortgage was executed and delivered, and that the mortgage is therefore void under the stat-

ute. The provision of the statute is as follows: "No estate in mortgage shall be holden by the mortgagee for the payment of any sum of money, or the performance of any other thing, the obligation or liability to the payment or performance of which arises, is made, or created, after the execution and delivery of such mortgage."

The apparent object of the statute was to prevent a mortgage being made that should cover the land as a valid security, though the debt or obligation which it was made to secure did not exist at the time when the mortgage was executed, and intended to take effect as an incumbrance on the land. Under the statute the debt or obligation must be in existence at the time when the mortgage takes effect as a conveyance and security.

In the present case it does not appear to have been the intention of the parties that the mortgage should take effect before the loan was made and the debt contracted. The exact time which passed between the execution of the mortgage and the making of the loan is not stated; but we cannot infer that it was longer than was necessary for the convenience of making and recording the deed in this State, where the land lies, and where the parties then were, and paying over the money and giving the note in Lawrence, where they resided. On this state of facts the execution of the mortgage and the loan of the money must be regarded as parts of the same bargain and transaction. The agreement was entire, and, until it was completed by the note and loan, the mortgage could have no operation, and was not intended to have any. The mortgage was a mere incident to the note and loan, and until the loan was made the demandant could do nothing with his mortgage.

The execution and delivery of the mortgage mentioned in the statute must mean such execution and delivery as were intended to give the mortgage effect as a conveyance and security. The manual transfer of the deed to the hands of the mortgagee would not be such a delivery, unless it were transferred to his possession with that intention. Here was no execution or delivery that gave any operation to the deed, or was intended to give any,

Weed *v.* Barker.

till the money was paid over at Lawrence, pursuant to the bargain made when the deed was executed and recorded here. There was no design to cover up the land by a mortgage to secure future advances; the lending of the money and the effective and operative execution and delivery of the deed were intended to be, and were in law, simultaneous.

This mortgage was not made to operate as an incumbrance to secure future advances, and, in the absence of the statute, would not in law have had that effect. We think, therefore, that the statute does not apply to this case. If the ante-dating of the note and mortgage had been intended to defraud creditors, the mortgage might be invalid as to them on general principles. But fraud is not alleged as an objection to this mortgage.

*Judgment on the verdict.*